# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| BETTY A. SMITH, | ) |
| Plaintiff, | ) |
| vs. | ) Case No: 1:16-cv-01317-STA-cgc |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

## ORDER AFFIRMING THE DECISION OF THE COMMISSIONER

Plaintiff Betty A. Smith filed this action to obtain judicial review of Defendant Commissioner's final decision denying her application for disability insurance benefits under Title II of the Social Security Act ("Act"). Plaintiff's application was denied initially and upon reconsideration by the Social Security Administration. Plaintiff then requested a hearing before an administrative law judge ("ALJ"), which was held on July 29, 2015. On August 19, 2015, the ALJ issued an unfavorable decision. The Appeals Council denied Plaintiff's request for review. Thus, the decision of the ALJ became the Commissioner's final decision, and Plaintiff filed an appeal in this Court. For the reasons set forth below, the decision of the Commissioner is **AFFIRMED**.

Under 42 U.S.C. § 405(g), a claimant may obtain judicial review of any final decision made by the Commissioner after a hearing to which he was a party. "The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The Court's review is limited to determining

whether there is substantial evidence to support the Commissioner's decision and whether the correct legal standards were applied. *See Blakley v. Comm'r Of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389 (1971)). It is "more than a mere scintilla of evidence, but less than a preponderance." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)

The Commissioner, not the Court, is charged with the duty to weigh the evidence, to make credibility determinations and resolve material conflicts in the testimony, and to decide the case accordingly. *See Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) ("When deciding under 42 U.S.C. § 405(g) whether substantial evidence supports the ALJ's decision, we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility."). When substantial evidence supports the Commissioner's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion. *See Rogers,* 486 F.3d at 241 (stating that it is not necessary that the Court agree with the Commissioner as long as the decision is substantially supported by the record).

Plaintiff was born on March 4, 1966. She has a high school education and past relevant work as an assembler and clerk. She alleges disability due to poor circulation, varicose veins, overall body pain, arthritis, depression, and a learning disability. Her amended onset date is November 10, 2011.

The ALJ made the following findings: (1) Plaintiff last met the insured status requirements on March 31, 2012; (2) Plaintiff has not engaged in substantial gainful activity since the alleged onset date; (3) since the alleged onset date, Plaintiff has had the following

2

severe impairments: venous varicosities, status post stripping, rheumatoid arthritis, math disorder, reading disorder, and obesity; but she does not have impairments, either alone or in combination, that meet or equal the requirements of any listed impairment contained in 20 C.F.R. pt. 404, subpt. P, app. 1 of the listing of impairments; (5) on the date last insured, Plaintiff retained the residual functional capacity to perform sedentary work except that she could lift and carry up to ten pounds occasionally and push and pull up to ten pounds occasionally; she could stand or walk up to two out of eight hours and sit up to six of eight hours with normal breaks; she needed a sit/stand option every hour; she could occasionally climb stairs or ramps but never climb ropes, ladders, or scaffolds; she could occasionally stoop, kneel, crouch, and crawl; she could occasionally perform overhead work and use foot controls; there could be no written instructions, no complex verbal instructions, and no work requiring math skills; her work was limited to simple, routine work, involving simple, work-related decisions with few, if any, workplace changes; she had no social deficits; (6) Plaintiff was unable to perform any past relevant work; (7) on the date last insured, Plaintiff was a younger individual with a high school education;[1] (8) transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules ("the Grids") as a framework supports a finding that Plaintiff is not disabled whether or not she had transferable skills; (9) through the date last insured, considering Plaintiff's age, education, work experience, and residual functional capacity, there were jobs existing in significant numbers in the national economy that Plaintiff could perform; (10) Plaintiff was not under a disability within the meaning of the Act at any time from the alleged onset date through the date last insured. R. 23 - 34.

---

[1] Plaintiff's education is discussed below.

The Social Security Act defines disability as the inability to engage in substantial gainful activity. 42 U.S.C. § 423(d)(1). The claimant bears the ultimate burden of establishing an entitlement to benefits. *See Oliver v. Comm'r of Soc. Sec.*, 415 F. App'x 681, 682 (6th Cir. 2011) (citing *Wyatt v. Sec'y Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992)). The initial burden of going forward is on the claimant to show that he or she is disabled from engaging in his or her former employment; the burden of going forward then shifts to the Commissioner to demonstrate the existence of available employment compatible with the claimant's disability and background. *Id.* ("The claimant bears the burden of proof during the first four steps, but the burden shifts to the Commissioner at step five.")

The Commissioner conducts the following, five-step analysis to determine if an individual is disabled within the meaning of the Act:

1. An individual who is engaging in substantial gainful activity will not be found to be disabled regardless of medical findings.

2. An individual who does not have a severe impairment will not be found to be disabled.

3. A finding of disability will be made without consideration of vocational factors, if an individual is not working and is suffering from a severe impairment which meets the duration requirement and which meets or equals a listed impairment in Appendix 1 to Subpart P of the regulations.

4. An individual who can perform work that he or she has done in the past will not be found to be disabled.

5. If an individual cannot perform his or her past work, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed.

*See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001) (describing the five-step sequential process for claims of disability).

Further review is not necessary if it is determined that an individual is not disabled at any point in this sequential analysis. 20 C.F.R. § 404.1520(a). Here, the sequential analysis

4

proceeded to the fifth step with a finding that, although Plaintiff cannot perform her past relevant work, there are a significant number of jobs existing in the national economy that she can perform. Plaintiff argues that substantial evidence does not support the ALJ's findings. She specifically argues that the ALJ erred in applying Grid Rule 201.21 in making his decision instead of Grid Rule 201.17. According to Plaintiff, the ALJ incorrectly found that she "had at least a high school education"[2] (which led to a finding of not disabled under Grid Rule 201.21) when she was actually illiterate as that term is defined in 20 C.F.R. §404.1564 (which would have led to a finding of disabled under Grid Rule 201.17).[3] The Court is not persuaded by Plaintiff's arguments.

Grid Rule 201.21 provides that a claimant who

- is a younger individual age 45-49,

- has a high school education,

- has skilled or semiskilled work experience but with no transferable skills, and

- can perform sedentary work

---

[2] "A high school education and above" is defined as:

> High school education and above means abilities in reasoning, arithmetic, and language skills acquired through formal schooling at a 12th grade level or above.
> We generally consider that someone with these educational abilities can do semiskilled through skilled work.

20 C.F.R. § 404.1564(b)(4).

[3] "Illiterate" is defined as:

> The inability to read or write. We consider someone illiterate if the person cannot read or write a simple message such as instructions or inventory lists even though the person can sign his or her name. Generally, an illiterate person has had little or no formal schooling.

20 C.F.R. § 404.1564(b)(1).

5

is not disabled. 20 C.F.R. pt. 404, subpt. P, app. 2, tbl. 1, Rule 201.21. Grid Rule 201.17, provides that a claimant who

- is a younger individual age 45-49,

- is illiterate or unable to communicate in English,

- has unskilled previous work experience or no past relevant work, and

- can perform sedentary work

is disabled. 20 C.F.R. pt. 404, subpt. P, app. 2, tbl. 1, Rule 201.17. As noted by Plaintiff, Grid Rule 201.21 applies to an individual with a high school education while Grid Rule 201.17 applies to an individual who is illiterate as defined in Social Security's Education Regulation.

In the present case, the ALJ applied Grid Rule 201.21, which directs a finding of not disabled. Plaintiff argues that he should have applied Grid Rule 201.17 instead, which according to Plaintiff, would direct a finding of disabled. Plaintiff argues that the ALJ incorrectly found that she has a high school education in that her numerical grade level does not accurately reflect her educational abilities. *See* 20 C.F.R. § 404.1564(b) (providing that "the numerical grade level that you completed in school may not represent your actual educational abilities. These may be higher or lower. . . . The term education also includes how well you are able to communicate in English since this ability is often acquired or improved by education.") In support of her argument, Plaintiff points to the ALJ's finding that her reading and math disorders are severe impairments and the restriction that she work with "no written instructions, no complex verbal instructions, and no work requiring math skills." R. 23, 27. Plaintiff argues that this severe impairment finding and the restriction describe an individual who is illiterate rather than one with high school education.

The ALJ found that Plaintiff had a high school education, in part, based on the previous ALJ's finding in November 2011 concerning Plaintiff's educational level. R. 32, 118 (Finding No. 8: "The claimant has at least a high school education and is able to communicate in English.") Plaintiff has pointed to no evidence in the record that her reading and writing ability is worse than it was at the time of the prior determination. Thus, the present ALJ was bound by the prior ALJ's finding under *Drummond v. Secy. of Health & Human Servs.*, 126 F.3d 837, 842 (6th Cir. 1997) (holding that, absent evidence that a claimant's condition has improved, findings issued by an ALJ as part of a prior disability determination are binding on an ALJ in a subsequent proceeding). As there was no evidence of a change in circumstances in Plaintiff's condition, the ALJ properly determined that he was bound by the prior decision regarding her educational level. *See* at *21 (*Smith v. Comm'r of Soc. Sec.*, 2015 WL 899207 E.D. Mich. Mar. 3, 2015) (determining that the ALJ was bound by a prior ALJ finding that the claimant was literate because there was "no evidence that his condition has in fact changed or worsened since the first ALJ decision").

Additionally, Plaintiff did not submit school records or other testing to show that she is functionally illiterate. She testified that she was not good at reading or writing but never testified that she was unable to perform these tasks. She graduated from high school, was able to complete the written test to obtain her driver's license, performed semi-skilled work as a produce clerk, and obtained both semi-skilled and unskilled jobs. She also performed other activities such as household chores, going out by herself, and grocery shopping, which indicates that she has the ability to function on her own, despite any reading or math deficiencies. The ALJ accounted for her reading and math difficulties in his residual functional capacity finding, and substantial evidence supports his finding regarding her educational level. *See Caudill v. Comm'r of Soc.*

*Sec.*, 424 Fed. App'x 510, 516 (6th Cir. 2011) (finding the claimant to be literate despite evidence that he had a second grade reading level and was diagnosed with a developmental reading disorder). [4]

At step five, the Commissioner has the burden to provide "evidence about the existence of work in the national economy that [a claimant] can do given [his or her] residual functional capacity . . . age, education, and work experience." 20 C.F.R. § 404.1520(g) (internal citations omitted). If a claimant's residual functional capacity and step five characteristics (age, education, and work experience) correspond precisely to a Grid Rule, the Grid Rule is used to direct a finding of disabled or not disabled. 20 C.F.R. pt. 404, subpt. P, app. 2, § 200.00. When a claimant's ability to perform the full range of work at a specific exertional level is significantly diminished by an impairment(s) not manifested as a limitation on strength, the fact-finder must use the Grids as a framework and obtain vocational expert testimony to make a correct decision, which was done in this case. *E.g.*, *Abbott v. Sullivan*, 905 F.2d 918, 926 (6th Cir. 1990) (collecting cases) (cited in *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 424 (6th Cir. 2008)).

Here, the vocational expert was asked a hypothetical question regarding an individual of Plaintiff's age, education, past relevant work, and residual functional capacity. The vocational expert responded that such an individual could perform the jobs of lens inserter, small product sorter, and small production inspector and that those jobs exist in significant numbers in the national economy. R. 79. As the hypothetical question to the vocational expert included those impairments the ALJ found credible and excluded those he discredited for legally sufficient reasons, the vocational expert's testimony that Plaintiff could perform work existing in significant numbers in the national economy was substantial evidence in support of the ALJ's

---

[4] Because substantial evidence supports the ALJ's use of Grid Rule 201.21 instead of Grid Rule 201.17, it is not necessary for the Court to address Plaintiff's arguments concerning the transferability of skills and the use of the term "unskilled" in Grid Rule 201.17.

determination. *See Winslow v. Comm'r of Soc. Sec.*, 566 F. App'x 418, 421 (6th Cir. 2014) ("The record reflects, however, that the hypothetical questions were proper because the ALJ incorporated all of the functional limitations that she deemed credible.").

Because substantial evidence supports the ALJ's determination that Plaintiff was not disabled, the decision of the Commissioner is **AFFIRMED**.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: January 10, 2018.